E-FILED
Wednesday, 30 December, 2020 03:06:52 PM
Clerk, U.S. District Court, ILCD

AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information associated with the Black Alcatel Smart Phone<br>with a cracked screen, further described in Attachment A,<br>attached hereto and incorporated herein | )<br>)<br>)<br>)<br>)<br>)    Case No. 20-MJ- 7163 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Information associated with the Black Alcatel Smart Phone with a cracked screen, further described in Attachment A, which is attached hereto and incorporated herein.

located in the _____ Central _____ District of _____ Illinois _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252 | Trafficking of Child Pornography |
| 18 U.S.C. 2252A | Trafficking of Child Pornography |
| 18 U.S.C. 2251(a) | Sexual Exploitation of a Minor |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/John Gerrity

_____
*Applicant's signature*

Special Agent John Gerrity, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ electronic mail and telephone _____ *(specify reliable electronic means)*.

s/Eric Long

Date: December 30, 2020

_____
*Judge's signature*

City and state: Monticello, IL

Eric I. Long, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, John Gerrity, Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice, having been first duly sworn, do hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), assigned to the Springfield, Illinois, Division, Champaign Resident Agency.  I have been employed as a Special Agent for the FBI since January 2016. As part of my duties, I investigate violations of federal law relating to the online exploitation of children, including violations pertaining to the illegal possession, receipt, transmission, and production of material depicting the sexual exploitation of minors.

2.  I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of, and to make arrests for, child exploitation and child pornography offenses enumerated in Title 18, United States Code, Sections 2252 and 2252A *et seq.* As an FBI Special Agent, I am authorized to execute warrants issued under the authority of the United States.

3.  I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

1

4.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

5.      The property to be searched is a Black Alcatel Smart Phone with a cracked screen, hereinafter the "Device." The Device is currently located at the FBI, Champaign Resident Agency, 2117 W. Park Ct., Champaign, Illinois 61821.

6.      Law enforcement may already have the necessary judicial authority to search and seize this device.  On November 6, 2020, Lt. Patrick Duffy of the Ford County Sheriff's Department applied for a search warrant for this device.  Judge Matthew Fitton of the 22nd Circuit Court, Ford County, IL authorized the search of this device on November 6, 2020. Local authorities executed the warrant and learned that the results of the extraction disclosed hundreds of images of what appear to be children under the age of 18, pornographic images, and videos of Richard L. Cruse ("CRUSE"). However, additional forensic analysis tools are available through the FBI to reexamine the device already in law enforcement custody. Therefore, in an abundance of caution we seek the instant warrant to reexamine the device.

7.      The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B, which items constitute instrumentalities, fruits, and evidence of the violations of Title 18, United States Code, Sections 2252, 2252A, and 2251(a).

2

8.  The statements contained in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violations of Title 18, United States Code, Sections 2252, 2252A, and 2251(a) are presently located on the Device. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## RELEVANT STATUTES

9.  This investigation concerns alleged violations of Title 18, U.S.C. § 2252A relating to material involving the sexual exploitation of minors:

   a.  **Child Pornography Trafficking (18 U.S.C. § 2252):** This investigation concerns alleged violations of **18 U.S.C. § 2252**, which generally prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce. It is also a crime to attempt to commit this offense.

   b.  **Child Pornography Trafficking (18 U.S.C. § 2252A):** This investigation also concerns alleged violations of **18 U.S.C. § 2252A**, which generally prohibits a person from knowingly mailing, transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any child pornography, as defined in 18 U.S.C. § 2256(8), when such child

3

pornography was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce. It is also a crime to attempt to commit this offense.

c. **Sexual Exploitation of a Minor:** This investigation also concerns alleged violations of **18 U.S.C § 2251(a)** prohibits any person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in, or having a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct if such person intends the visual depiction to be transported in interstate or foreign commerce, by any means, including by using any means or facility of interstate or foreign commerce or mail, or the person transports such visual depiction in interstate or foreign commerce, by any means, including by using any means or facility of interstate or foreign commerce or mail.

## TECHNICAL TERMS

10.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a. **Wireless Telephone:** A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. **Digital Camera:** A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. **Portable Media Player:** A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. **GPS:** A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. **PDA:** A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless

5

communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

    f. **Pager:** A pager is a handheld wireless electronic device used to contact an individual through an alert, or a numeric or text message sent over a telecommunications network. Some pagers enable the user to send, as well as receive, text messages.

    g. **IP Address:** An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

    h. **Internet:** The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

    11.     Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product's technical specifications, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience,

examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## INVESTIGATION

12.      On September 15, 2020, the Ford County Sheriff's Office received a report from Sandra Hartman ("HARTMAN") regarding the possible sexual abuse of her 12-year-old grandson ("JOHN DOE") by CRUSE.

13.      HARTMAN stated that CRUSE would come to her house and work on vehicles and lawnmowers in one of her garages. While doing so, CRUSE had JOHN DOE come into the garage and showed him pornographic images on the Device. CRUSE also had JOHN DOE masturbate his exposed penis and asked him to perform oral sex on him, to which JOHN DOE refused.

14.      JOHN DOE stated that CRUSE showed him multiple nude photographs and videos of young children on the Device, ranging from five to 20 years of age and from the Paxton and Rantoul area. CRUSE told JOHN DOE that he was in the photographs and videos, including one video of CRUSE inserting a finger into the anus of a young child that he identified as his son.

15.      JOHN DOE identified the Device as a black phone with a cracked screen and that CRUSE carried it on his belt.

16.      Upon obtaining the search warrant referenced herein, CRUSE surrendered the Device to officers from the Ford County Sheriff's Department and provided the access code of 3936.

17.     CRUSE told Lt. Patrick Duffy that the Device he was carrying did not work and he had not used it in several months; however, the phone was turned on and ringing while in Lt. Patrick Duffy's office. CRUSE is a registered sex offender listed as homeless.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

18.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

19.     *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

    a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b.  Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

8

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20.    *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

21.    *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

22.    I submit that this affidavit supports probable cause for a search warrant

authorizing the examination of the Device described in Attachment A to seek the items

described in Attachment B.

Respectfully submitted,

s/John Gerrity

John Gerrity, Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by electronic mail and telephone on this _30th_day of December 2020.

s/Eric Long

Eric I. Long, Magistrate Judge
United States District Court

10

**Attachment A**

*Property to be Searched*

The property to be searched is a Black Alcatel Smart Phone with a cracked screen, hereinafter the "Device." The Device is currently located at the FBI, Champaign Resident Agency, 2117 W. Park Ct., Champaign, Illinois 61821.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## Attachment B

### *Particular Items to Be Seized*

1.  All records on the Device described in Attachment A that relate to violations of Title 18, United States Code, Sections 2252, 2252A, and 2251(a) and involve Richard L. Cruse since March 1, 2019, including:

    a.  Any and all notes, documents, records, or correspondence, in any format and medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and handwritten notes) pertaining to the possession, receipt, or distribution of child pornography as defined in Title 18, United States Code, Section 2256(8) or to the possession, receipt, or distribution of visual depictions of minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2).

    b.  In any format and medium, all originals, computer files, copies, and negatives of child pornography as defined in Title 18, United States Code, Section 2256(8), visual depictions of minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), or child erotica.

    c.  Any and all address books, names, and lists of names and addresses of individuals who may have been in communication by use of the computer or by other means for the purpose of distributing or receiving child pornography as defined in Title 18, United States Code, Section 2256(8) or visual depictions of minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2).

    d.  Any and all notes, documents, records, or correspondence, in any format or medium including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and handwritten notes), identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by the United States Mail or by computer, any child pornography as defined in Tile 18, United States Code, Section 2256(8) or any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

e.      Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, other digital data files and web cache information) concerning the receipt, transmission, or possession of child pornography as defined in Title 18, United States Code, Section 2256(8) or visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

f.      Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between individuals about child pornography or the existence of sites on the Internet that contain child pornography or that cater to those with an interest in child pornography.

g.      Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) concerning membership in online groups, clubs, or services that provide or make accessible child pornography to members.

h.      Any and all visual depictions of minors.

i.      Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

j.      Evidence showing Richard L. Cruse's state of mind.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.